**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CLAUDEL LAURENT and
GUILENE LAURENT,                                    CASE NO: 0:26cv61716

     Plaintiffs,

     vs.

TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC., and
EQUIFAX INFORMATION SERVICES, LLC.

     Defendants.

_____/

**PLAINTIFF'S COMPLAINT**
**JURY DEMAND**

1.     Plaintiffs, CLAUDEL LAURENT AND GUILENE LAURENT ("Plaintiffs" or "The Laurents") brings this action against GOODLEAP, LLC ("Good Leap") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* (hereinafter "FCRA").

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

3.     Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Broward County, Florida.

**PARTIES**

4.     Plaintiffs are natural persons who, at all times relevant to this action were residents of Broward County, Florida and each is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5.     Defendant, Transunion LLC ("Trans Union") is a limited liability company incorporated under the laws of the State of Delaware, whose members are citizens of the state of Illinois. Trans Union is authorized to do business in and regularly conducts business in the State of

Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

6.     Defendant, Experian Information Solutions, Inc. ("Experian") is an Ohio corporation incorporated under the laws of the State of Delaware. Experian is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

7.     Defendant, Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company incorporated under the laws of the State of Delaware. Equifax is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

8.     Trans Union, Experian, and Equifax shall collectively be referred to as Credit Reporting Agencies ("the CRAs.")

## FACTUAL ALLEGATIONS

9.     Under the FCRA, the term "consumer report" generally refers to:

any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for:

i.     credit or insurance to be used primarily for personal, family, or household purposes;

ii.    employment purposes; or

iii.   any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1).

10. The terms "consumer report", "credit report", and "consumer credit report" are used synonymously herein.

11. The FCRA requires CRAs to implement an automated reinvestigation system through which furnishers of information to the CRA may report the results of a reinvestigation that finds incomplete or inaccurate information in a consumer's file. 15 U.S.C. § 1681i(a)(5)(D).

12. To comply with the automated dispute reinvestigation requirements of the FCRA, Trans Union, Equifax, and Experian (the three major "National CRAs"), along with Innovis Data Solutions, Inc., developed and implemented a browser- based software system that allows the CRAs to electronically notify furnishers quickly and easily of disputed credit reporting information, and for furnishers to quickly and easily respond to such disputes following the furnisher's investigation of the disputed information.

13. The system is commonly referred to as e-OSCAR (Online Solution for Complete and Accurate Reporting) and was designed to be Metro 2 compliant. See http://www.e-oscar.org/ (last accessed June 5, 2026).

14. The e-OSCAR system primarily supports Automated Credit Dispute Verification ("ACDV") and Automated Universal Data Form ("AUD") processing, as well as other consumer-dispute-related processes. *Id.*

15. The National CRAs, provide notice of a consumer's dispute to data furnishers in the ACDV format, and forward the ACDV to the furnisher through e- OSCAR.

16. If a furnisher's investigation of a consumer's dispute determines that the information in dispute is incomplete or inaccurate, the FCRA requires the furnisher to correct the information not only with the CRA that sent the ACDV, but with all other CRAs to whom the furnisher reported that information. 15 U.S.C. § 1681s-2(b)(1)(D).

17.     The e-OSCAR system facilitates the furnisher's compliance with 15 U.S.C. § 1681s-2(b)(1)(D) by sending a "Carbon Copy" of an ACDV response "to each CRA with whom the [furnisher] has a reporting relationship" in addition to the response to the initiating CRA. See https://www.e-oscar.org/gettingstarted (last accessed June 5, 2026).

18.     Additionally, a furnisher can manually correct a tradeline with a CRA other than the one that initiated a dispute by sending an AUD within e-OSCAR.

19.     Trans Union, Experian, and Equifax each require data furnishers that report to them respectively to register with and use e-OSCAR, and states that e-OSCAR is "in compliance with FCRA and Metro 2 standards." See, https://www.transunion.com/data-reporting/support-teams (last accessed June 5, 2026).

20.     "If the reinvestigation does not resolve the dispute," § 1681i(b) allows a consumer to "file a brief statement setting forth the nature of the dispute." If a consumer elects to do so, "unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof." *Id.* § 1681i(c). Negligent violations of these provisions are actionable under § 1681o; willful violations carry additional penalties and are actionable under § 1681n. *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 809 (7th Cir. 2023).

21.     On August 12, 2022 the Laurents entered into a contract with GoodLeap, LLC, LLC for financing of installation of solar panels on her home. The Loan amount of $34,192 was disbursed by GoodLeap, LLC, LLC to the contractor AC/DC Solar despite the fact that installation was never completed.

22.     The solar panels were never properly installed and are not functional.

23. Not only do The Laurents have non-working solar panels on their roof, but also damage that will require out of pocket costs to fix.

24. The Laurents anticipate having to apply for credit in the near future to pay for the costs of the roof repair.

25. The Laurents tried to have the information corrected by sending a written dispute to the CRAs on or about July 24, 2024 (hereinafter "Initial Disputes"). A true and correct copy of the Initial Disputes to the CRAs are attached hereto as part of Composite Exhibit "A."

26. Based on updated consumer reports or investigation results from the CRAs, all Defendants continued to report the Account despite the Laurents not having any installation begun, or complete, which was detailed in the Initial Dispute.

27. After Plaintiffs requested the account be removed, Equifax, Experian, and Transunion failed to evaluate or consider any of the specific information, claims and evidence provided by Plaintiff. Additionally, the CRAs did not make any attempt to substantially or reasonably verify GoodLeap, LLC's representations that the loan was disbursed following complete installation.

28. Upon receiving the Initial Disputes, the CRAs relayed that correspondence to GOODLEAP, LLC, who failed to conduct a reasonable investigation, and then furnished inaccurate information to the CRAs.

29. As a result, The Laurents decided to write a second dispute letter on or about November 6, 2024, to the CRAs (hereinafter "Second Dispute.") A true and correct copy of the second dispute is attached as part of Composite Exhibit "B."

30. The Second Dispute added information from the Initial Dispute, such as providing photos of the panels in the Laurents backyard.

31.     Even after receiving the Second Dispute, with details describing why the reporting was inaccurate, Trans Union relayed that correspondence to GOODLEAP, LLC, who failed conduct a reasonable investigation and once again furnished inaccurate information back to Trans Union. At one point, the GoodLeap account appeared to have been removed from Guilene Laurent's Trans Union credit file however her recently obtained reports show the account remains as recently as April 20, 2026.

32.     Even after receiving the Second Dispute, with details describing why the reporting was inaccurate, Experian relayed that correspondence to GOODLEAP, LLC, who failed conduct a reasonable investigation and once again furnished inaccurate information back to Experian.

33.     Even after receiving the Second Dispute, with details describing why the reporting was inaccurate, Equifax relayed that correspondence to GOODLEAP, LLC, who failed conduct a reasonable investigation and once again furnished inaccurate information back to Equifax.

34.     The Laurents sent a third dispute dated May 27, 2025 ("Third Dispute") which reiterated the information from the Second Dispute while attaching a document from the Department of Business and Professional Regulation (DPBR) stating that $0 was owed. A copy of the Third Dispute is attached as Exhibit "C."

35.     After the Third Dispute, The Laurents reviewed their updated credit reports and saw the GoodLeap account still listed and with nearly an $80,000 balance.

36.     Plaintiffs have applied for credit and either been denied or approved with the Inaccurate Information being a substantial factor in either being denied or approved at an increased interest rate.

37.     Unless and until the Inaccurate Information is no longer a factor in Plaintiffs being denied credit, being granted credit at increased rates, losing the opportunity to benefit from credit,

or Plaintiffs being forced to procure a co-signer to be granted any credit under any terms, these economic losses will continue.

### COUNT I - VIOLATIONS OF 15 U.S.C. §1681i
### (AGAINST TRANS UNION)

38.    Plaintiffs incorporate by reference the allegations in Paragraphs 1 -5 and 8 - 37.

39.    At all times relevant hereto, Trans Union is and was a "consumer reporting agency" as provided for under the FCRA.

40.    At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

41.    During the relevant time frame, Trans Union received Plaintiff's Initial Dispute, Second Dispute, and Third Dispute ("Collective Disputes") regarding the accuracy or completeness of the GOODLEAP, LLC account appearing on Plaintiff's consumer disclosure.

42.    Trans Union violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

43.    Additionally, Trans Union unreasonably relied on information provided by GOODLEAP, LLC, when readily verifiable information that Plaintiff provided in the Collective Disputes placed Trans Union on notice that GOODLEAP, LLC's information was inaccurate and unreliable.

44.    Trans Union's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

45.    Alternatively, Trans Union negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

46.    As a result of Trans Union's FCRA violations, Plaintiff suffered mental and

emotional distress associated with the Inaccurate Information being sent to third parties, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiffs, pray this Honorable Court to enter the following relief against Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT II - VIOLATIONS OF 15 U.S.C. §1681e(b)
### AGAINST TRANS UNION

47. Plaintiffs incorporate by reference the allegations in Paragraphs 1 – 5 and 8 - 37.

48. At all times relevant hereto, TransUnion is and was a "consumer reporting agency" as provided for under the FCRA.

49. At all times relevant hereto, Plaintiffs were "consumer" as provided under the FCRA.

50. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiffs.

51. Any users of credit reports that viewed the GOODLEAP, LLC account saw the Inaccurate Information.

52. Even after Plaintiff's Collective Disputes, the GOODLEAP, LLC account is still being reported with the Inaccurate Information.

53. Trans Union's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

54. In the alternative, Trans Union negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

55. As a result of Trans Union's failures to comply with the FCRA, Plaintiffs suffered mental and emotional distress associated with inaccurate information in her credit file, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiffs, pray this Honorable Court to enter the following relief against Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT III – VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST EXPERIAN

56. Plaintiffs incorporate by reference the allegations in paragraphs 1 – 4, 6, and 8 - 37.

57. At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

58. At all times relevant hereto, Plaintiffs were "consumer" as provided for under the FCRA.

59. During the relevant time frame, Experian received Plaintiff's Collective Disputes regarding the accuracy of the account reported by GOODLEAP, LLC on Plaintiff's credit report.

60.	Experian violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

61.	Additionally, Experian unreasonably relied on information provided by GOODLEAP, LLC, when readily verifiable information that Plaintiff provided in her dispute(s) placed Experian on notice that GOODLEAP, LLC's information was inaccurate.

62.	Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

63.	In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

64.	As a result of Experian's violations of the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in her credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiffs pray this Honorable Court to enter the following relief for Plaintiff and against Experian for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT IV– VIOLATIONS OF 15 U.S.C. §1681e(b)
## AGAINST EXPERIAN

65.	Plaintiffs incorporate by reference the allegations in paragraphs 1 – 4, 6, and 8 - 37.

66.	At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

67.	At all times relevant hereto, Plaintiffs were "consumer" as provided for under the FCRA.

68. During the relevant time frame, Experian received Plaintiff's Collective Disputes regarding the accuracy of the account reported by GOODLEAP, LLC on Plaintiff's credit report.

69. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

70. Any users of credit reports that viewed the GOODLEAP, LLC account saw the Inaccurate Information.

71. Even after Plaintiff's Collective Disputes, the GOODLEAP, LLC account is still being reported with the Inaccurate Information.

72. Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

73. In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

74. As a result of Experian's failures to comply with the FCRA, Plaintiffs suffered mental and emotional distress associated with inaccurate information in her credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiffs, pray this Honorable Court to enter the following relief against Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT V – VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST EQUIFAX

75.     Plaintiffs incorporate by reference the allegations in paragraphs 1 – 4 and 7 – 37.

76.     At all times relevant hereto, Equifax is and was a "consumer reporting agency" as provided for under the FCRA.

77.     At all times relevant hereto, Plaintiffs is and were "consumer" as provided for under the FCRA.

78.     During the relevant time frame, Equifax received Plaintiff's Collective Disputes regarding the accuracy of the account reported by GOODLEAP, LLC on Plaintiff's credit report.

79.     Equifax violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

80.     Additionally, Equifax unreasonably relied on information provided by GOODLEAP, LLC, when readily verifiable information that Plaintiff provided in her disputes placed Equifax on notice that GOODLEAP, LLC's information was inaccurate.

81.     Even after Plaintiff's written dispute(s) the GOODLEAP, LLC account is still being reported with the Inaccurate Information.

82.     Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

83.     In the alternative, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

84.     As a result of Equifax's violations of the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in her credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish,

damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiffs pray this Honorable Court to enter the following relief for Plaintiff and against Equifax for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

**COUNT VI – VIOLATIONS OF 15 U.S.C. §1681e(b)**
**AGAINST EQUIFAX**

85.     Plaintiffs incorporate by reference her allegations in paragraphs 1 – 4 and 7 - 37.

86.     At all times relevant hereto, Equifax is and was a "consumer reporting agency" as provided for under the FCRA.

87.     At all times relevant hereto, Plaintiffs is and were "consumer" as provided for under the FCRA.

88.     During the relevant time frame, Equifax received Plaintiff's Collective Disputes regarding the accuracy of the account reported by GOODLEAP, LLC on Plaintiff's credit report.

89.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

90.     Any users of credit reports that viewed the GOODLEAP, LLC account saw the Inaccurate Information.

91.     Even after Plaintiff's Collective Disputes, the GOODLEAP account is still being reported with the Inaccurate Information.

92.     Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

93.     In the alternative, Equifax negligently violated the FCRA entitling Plaintiff to

recover under 15 U.S.C. §1681o.

94.     As a result of Equifax's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in her credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiffs, pray this Honorable Court to enter the following relief against Equifax in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and Such other and further relief including as the Court deems equitable and just under the circumstances.

## JURY DEMAND

95.     Plaintiffs demands a trial by jury on all issues so triable.

Respectfully submitted,

**DEBT SHIELD LAW**
*/s/ Kevin Rajabalee, Esq.*
Fla. Bar. No. 119948
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Main: 754-800-5299
Direct: 954-667-3096
Fax: 305-503-9457
kevin@debtshieldlaw,com
dayami@debtshieldlaw.com
service@debtshieldlaw.com
*Attorney for Plaintiff*